## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Georgjeana Ann Richie,
an infant, etc.

v.

George W. Grammer et al.

March 29, 1989

Case No. C-88-363

By JUDGE WILLIAM H. LEDBETTER, JR.

This is a suit by a judgment creditor to set aside a conveyance of real estate. The case is before the court upon the respondents' demurrer, argued on March 20, 1989.

According to the allegations in the bill, all of which are deemed true for purposes of this decision, the respondent George W. Grammer tortiously injured the complainant in August of 1985; the complainant is a judgment creditor of Grammer; Grammer and his wife conveyed a parcel of real estate to Roger Ralph Greer and Virginia Lynn Greer in July of 1986 with the intent to hinder, delay and defraud the complainant; and the Greers knew of the fraud and paid no consideration for the property. In her prayer for relief, the complainant asks the court to set aside the conveyance and to direct the sale of the property for the payment of her judgment.

Virginia Code § 55-80 provides that "[e]very . . . transfer of . . . any estate . . . suffered or obtained . . . with intent to delay, hinder or defraud creditors . . . of what they are or may be lawfully entitled to shall be, as to such creditors . . . void." Virginia Code § 55-81 provides that "[e]very transfer . . . which is not upon consideration deemed valuable in law . . . shall be void as to creditors whose debts have been contracted at the time it was made." These statutes, based

on the England's Statute of 13 Elizabeth, are known, respectively, as the fraudulent conveyance statute and the voluntary conveyance statute.

The term "creditors" embraces all creditors who but for the transfer would have had a right to subject the property to their debts. Virginia Code § 55-103.

In their demurrer, the respondents do not claim that the complainant's bill omits an essential ingredient under the statutes or that the pleading's allegations are otherwise deficient in stating a cause of action. Instead, the respondents say that given Grammer's interest in the property conveyed, the relief sought cannot be granted. *See* Virginia Code § 8.01-273.

Grammer's interest in the subject property was that of a tenant by the entirety. He and his wife acquired the property in 1979 "as tenants by the entirety with the right of survivorship as at common law." Thus, under well-established principles, at the time Grammer and his wife transferred this property to the Greers in 1986, it was not subject to the debts of Grammer individually, including the judgment debt of the complainant.

It follows, the respondents argue, that even if the court were to determine that the Grammer-to-Greer transaction constitutes a fraudulent or voluntary conveyance, the result would be of no benefit to the complainant since the court's decree would invalidate and set aside the deed, thereby restoring title to the property to Grammer and his wife as tenants by the entirety.

The complainant acknowledges all of that except to urge that the court can and should fashion a remedy that will enable her judgment lien to attach to Grammer's interest in the property. Her counsel creatively argues that the court should set aside the conveyance and, instead of invalidating the deed and restoring title to its former status, treat the tenancy by the entirety as severed, thereby enabling the judgment lien of the complainant to attach to Grammer's interest.

On the pleadings, this is clearly a case which smacks of fraud. Grammer and his wife, aware of the pending civil suit and criminal prosecution arising out of Grammer's tortious injury of the complainant, transferred this property to their daughter and son-in-law. Grammer retained possession of the property by reserving a life estate

and retained control of the property by restricting alienation of the fee.

Despite the emotional appeal of the complainant's argument, however, the court is of the opinion that it cannot provide any relief in connection with this suit that would be beneficial to her.

Under the statutes, as at common law, a fraudulent or voluntary conveyance is *void*. The equitable remedy available in such circumstances is to set aside or annul the void deed for the benefit of the creditor. In the process of doing that, it is inescapable that title is restored to its former status, the lien of the creditor is imposed upon the property, and a decree is entered directing a sale to pay the judgment. If a transfer is void, it is of no effect; it is a nullity as to those creditors within the protection of the statute. *See generally*, 9A M.J., *Fraudulent and Voluntary Conveyances*, sects. 67, 68, 115, et seq.

This result is also mandated by § 55-103, which defines "creditors" as those "who but for the deed . . . *would have had . . . a right to subject [the property] to their debts*." This definition obviously does not embrace the complainant. Because the subject property was held by Grammer and his wife by the entirety, the complainant had no right to subject the property, or any part of it, to her judgment debt. The court's decree in invalidating a fraudulent or voluntary conveyance cannot create such a right for her.

There are no Virginia cases on point, and the authorities do not specifically address this issue. However, in Glenn, *Creditors Rights and Remedies* (1915), an early standard text on the subject, the following observation is made:

> And lastly, a common sense qualification must be observed. The rules which we have considered can be invoked only where real injury has resulted. The statute does not refer to property which is not available for the creditors; the court should not be asked to do a vain thing. Glenn, *supra*, § 97.

The author illustrates his point by making reference to property exempt from process under homestead exemption or similar laws. But the observation applies with equal force to property which for whatever reason is beyond the reach of creditors. The most that the statutes can do is to enable the court to overlook the intervening alienation. The transfer of property which otherwise would not be available to creditors, therefore, can work no remediable wrong upon the creditors of the transferor.

For the foregoing reasons, the relief sought by the complainant being unavailing, the demurrer must be sustained.